jured, it is necessary to prove not only that the team ran away and injured plaintiff, but also that the defendant permitted such team to be and remain unhitched and unattended.

4. PLEADING, § 395*—*what must be proved under allegations.* Under a count in a declaration setting forth a city ordinance prohibiting persons from leaving any horse, or other animal, attached to any wagon or other vehicle in any public street of the city, "without securely fastening such horse or other animal," and averring that defendant negligently left its horses attached to its wagon, "without securely fastening said horses," whereby "they were left free to run away" and plaintiff was thereby injured, it is necessary to prove that defendant left the horses without securely fastening them, in addition to proof of injury.

5. ROADS AND BRIDGES, § 239*—*when evidence fails to sustain finding of negligence.* Evidence, in an action by a laborer against the owner of a team for damages for injuries sustained as a result of the team running away and causing a trunk to fall upon the laborer while at work in a ditch in a street of the city of Chicago, *held* not to sustain a finding that defendant negligently permitted such team to be and remain unhitched and unattended, and that defendant negligently left such horses without securely fastening them.

PAM, J., dissenting.

---

## Stephen Androczycyn, Plaintiff in Error, v. Spaulding & Merrick, Defendant in Error.

### Gen. No. 19,711. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Stephen Androczycyn, a minor, by next friend, against Spaulding & Merrick, a corporation, in the Circuit Court of Cook county. The action was for personal injuries received by plaintiff, who was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

employed by defendant, from the revolving knife of a tobacco cutting machine, by which plaintiff's hand was cut off. The direct cause of the accident was the unexpected movement of the knife blade, and the crucial question concerned the cause of this movement. It appeared that just before the accident plaintiff shifted the belt on his machine from the tight to the loose pulley, and stopped the revolving knife; tightened the shifting device so as to hold the belt on the loose pulley; changed the knife blade, replacing the dull knife with a sharp one. He was then called to assist in putting into service an idle belt on a neighboring machine. At this time the power was off the overhead shaft, which served the various machines through belts. To put the idle belt into commission, this shaft was turned slightly by pulling by hand on the belts. Plaintiff and another workman pulled down on the belt of plaintiff's machine. Plaintiff then resumed his work of tightening his new knife blade, his machine being still at rest. Almost immediately thereafter, as he says, the knife suddenly commenced to revolve, striking and severing his hand. There was also testimony, including that of the plaintiff, that when the operation of pulling down on the belt ended, it was still wholly on the loose pulley; also that there was attached a mechanical device which would prevent the belt from slipping from one pulley to another, except as operated and controlled by plaintiff. Also evidence as to the character of the revolving knife and arms, with special reference to their size and weight, and the fact that they could be revolved easily from a position of rest by a touch of the hand, without the application of mechanical power.

At the trial the court admitted in evidence certain photographs showing the physical situation. The jury found a verdict for the defendant, and plaintiff brings error.

VINCENT G. GALLAGHER and ERNEST MESSNER, for plaintiff in error.

FRANK M. Cox, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 699*—*when evidence shows contributory negligence.* Where an accident is caused by the unexpected movement of the revolving knives of a tobacco cutting machine operated by the plaintiff, a servant, evidence *held* to warrant the jury in finding that the accident was caused by the contributory negligence of the plaintiff, and not by the negligence of the defendant, the master.

2. EVIDENCE, § 277*—*when photographs admissible.* Photographs helpful to an understanding of the physical situation at the time when an accident occurs *held* admissible, and to have no tendency to mislead the jury, where any differences between the photographs and the exact situation at the time of the accident are pointed out and explained by the witnesses.

3. APPEAL AND ERROR, § 1530*—*when errors in instructions harmless.* Irregularities and informalities in instructions, where there is little controversy about the salient facts of the case, will not have sufficient weight to cause a reversal, though some of the objections have weight, and under different circumstances might necessitate a reversal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.